filed in open court 1/16/18 MT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :     Criminal Action No. 16-51-LPS |
| DOMENICO PROCOPE, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Jefferson B. Sessions III, Attorney General of the United States, William E. Fitzpatrick, Acting United States Attorney for the District of New Jersey, and Fabiana Pierre-Louis and Karen D. Stringer, Assistant United States Attorneys,[1] and the defendant, Domenico Procope, by and through his attorney, Edmund D. Lyons, Esquire, the following agreement is hereby entered into by the respective parties:

---

[1] Pursuant to a Memorandum dated March 3, 2016 from Associate Deputy Attorney General ("ADAG") David Margolis, the United States Attorney's Office for the District of Delaware was recused from the investigation and prosecution of this matter. ADAG Margolis has assigned this matter to the United States Attorney's Office for the District of New Jersey and, pursuant to 28 U.S.C. § 515(a), has directed and authorized Acting United States Attorney William E. Fitzpatrick to conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which the United States Attorney for the District of Delaware is authorized by law to conduct regarding this matter. Accordingly, all Assistant United States Attorneys subsequently assigned to this matter are appointed as Special Attorneys in order to appear on behalf of the government in the District of Delaware.

1

1.     The defendant shall plead guilty in the United States District Court for the District of Delaware to a one-count Superseding Information charging the defendant with giving, offering, and promising a thing of value to a public official for and because of official acts to be performed by such public official, in violation of 18 U.S.C. § 201(c)(1)(A), which carries a maximum penalty of two (2) years' imprisonment, a maximum fine of $250,000, one (1) year of supervised release, and a $100 special assessment.

2.     The defendant understands that if there were a trial, the government would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty as follows:

   a.     Giving, offering, and promising a thing of value to a public official for and because of official acts performed by such public official, in violation of 18 U.S.C. § 201(c)(1)(A): (1) That the Internal Revenue Service ("IRS") revenue officer was a public official or former public official; (2) that the defendant knowingly directly or indirectly gave, offered, or promised something of value, that is, $30,000 in United States currency, to an IRS revenue officer, and that this was not provided by law for the proper discharge of the IRS revenue officer's official duty; and (3) that the defendant did so for or because of an official act that was or was going to be performed by the IRS revenue officer.

3.     The defendant knowingly, voluntarily, and intelligently admits that he is in fact guilty of each of the above-described elements of the offense charged in the Superseding Information.

4.     If the defendant enters a guilty plea and is sentenced on this

charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the defendant for giving, offering, and promising a thing of value to a public official for and because of official acts performed or to be performed by such public official on or about February 25, 2016. If the defendant fully complies with all of the term of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the Indictment captioned *United States v. Domenico Procope*, Crim. No. 16-51-LPS. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charge and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

5. For purposes of sentencing, the parties stipulate that United States Sentencing Guideline Section 2C1.2 is applicable to the scope of the defendant's criminal activity. Moreover, defendant was not a public official at the time of the offense and, thus, the base offense level is 9 pursuant to United States Sentencing Guideline Section 2C1.2(a)(2). Additionally, the value of the gratuity was $30,000, and thus, defendant is subject to a 4-level increase in his base offense level pursuant to United States Sentencing Guideline Sections 2C1.2(b)(2) and 2B.1.1(b)(1)(C).

3

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, pursuant to United States Sentencing Guideline Section 3E1.1(a).

7. The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that a sentence of three (3) years' probation is the appropriate disposition of this case. The defendant understands that because the plea agreement has been reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court may accept the agreement, reject it, or defer a decision until the Court has reviewed the presentence report. The defendant further understands that, if the Court accepts the plea agreement, the recommended sentence becomes binding on the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the Court will sentence the defendant to three (3) years' probation. The defendant further understands that if the Court does not accept the plea agreement, the defendant has the right, pursuant to Federal Rule of Criminal Procedure 11(c)(5), to withdraw the plea and that if the defendant elects not to withdraw the plea, the Court may dispose of the case less favorably towards him than what the plea agreement contemplated.

8. At the time of sentencing, the Government will:

    a. Ask the Court to impose the agreed-upon sentence of three (3) years' probation.

        b.     Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing, including evidence relating to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

        c.     Nothing in this agreement shall limit the Government in its comments in, and responses to, any post-sentencing matters.

9.     The defendant understands that if a sentence of probation is imposed, his term of probation may be revoked if its conditions are violated. If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the defendant understands that pursuant to Federal Rule of Criminal Procedure 32.1, the Court may revoke the defendant's sentence of probation and resentence the defendant.

10.     The defendant agrees to pay the $100 special assessment on the date of sentencing. If the defendant is incarcerated as part of his sentence, and if the defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins his period of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

11.     The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses.  Removal and other immigration consequences are the subject of separate proceedings, and the defendant understands that no one, including his attorney and the District Court, can predict with a degree of certainty the effect of his conviction on his immigration status.  The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.  By entering into this agreement, the defendant acknowledges that he has discussed with counsel the consequences that his guilty plea may have on his immigration status.

12.     This agreement is limited to the United States Attorney's Office for the District of Delaware and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

13.     This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant.  This agreement does not prohibit the United States, any agency thereof (including the IRS), or any third party from initiating or prosecuting any civil or administrative proceeding against the defendant.

14.     The defendant knows that he has, and voluntarily and expressly

6

waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255. Notwithstanding the forgoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

15. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the modification provisions of this paragraph.

Respectfully submitted,

JEFFERSON B. SESSIONS III
Attorney General of the United States

WILLIAM E. FITZPATRICK
Acting United States Attorney for the
District of New Jersey

_____
EDMUND D. LYONS, Esquire
Attorney for Domenico Procope

_____
FABIANA PIERRE-LOUIS
Assistant United States Attorney

_____
DOMENICO PROCOPE
Defendant

_____
ERIC W. MORAN
Assistant United States Attorney
Deputy Chief, Criminal Division

Dated: 12/23/17

AND NOW, this 16th day of January 2018, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE